MARGARET DIETRICH, Plaintiff, v. THE MAYOR, Etc., OF THE CITY OF NEW YORK, Defendant.

*Payment of taxes by mistake — right to recover the same.*

The plaintiff paid the Croton water charges upon a lot owned by her in the city of New York, and received a receipt in which the lot was correctly described. Subsequently, plaintiff presented this receipt at the office of the tax commissioners, and asked for a bill of the taxes imposed upon it; the clerk, by mistake, gave her a bill of the taxes imposed upon a different lot, of which she was not the owner, which she, in ignorance of the mistake, paid; and the amount was credited to the second lot. This action was brought to recover the amount so paid, the plaintiff having been subsequently compelled to pay the taxes on her own lot. *Held*, that she was entitled to recover.

*Mayer* v. *The Mayor*, etc. (2 Hun, 306) followed.

Motion for a new trial on a case and exceptions, ordered to be heard in the first instance at the General Term, the court below having dismissed the complaint.

*E. Ellery Anderson*, for the plaintiff.

*D. J. Dean*, for the defendant.

Brady, J.:

The plaintiff was the owner of a lot on the north side of Thirty-seventh street, described, in 1871, on the maps of the city, by ward number 4,509. In the year 1870, by the subdivisions of the maps for that year, the lot was partly embraced in ward number 4,509, and partly in 4,510. In August, 1871, the plaintiff paid the Croton water charges and was given a receipt, in which the lot was correctly stated to be ward number 4,509. In November, 1871, the plaintiff applied at the office of the tax commissioners, and at the proper desk, for the bill of taxes for the year just mentioned, and gave to the clerk who was in attendance discharging such duty, and who was employed by the defendants for that purpose, the Croton water receipt referred to, and requested him to prepare a bill for the taxes imposed on the premises described therein. He

complied with this request, but gave her a bill in which the lot was designated as number 4,510, and she paid it. The amount was not, however, credited to her lot, and she was subsequently compelled to pay the tax due on lot 4,509, which was owned by her and correctly designated in the receipt for the charges for Croton water. This action was brought to recover back the amount first paid on the 29th November, 1871, with interest. From this statement of facts it is apparent that the plaintiff was led into the error of paying the taxes on lot 4,510, by the mistake of the clerk in the office of the tax commissioners. She gave to him a voucher which related to her premises, and requested a statement affecting them. Her application was properly made, and to a person duly authorized to act. Having done this, it was to her really a matter of no moment by what number her lot was designated, either in the one place or the other. Her interest was in the land, not in the figures by which it was known in the offices of the defendants. It may be that the clerk was confused by the double numerals of the year 1870, when the lot was partly in one set and partly in another; but however that may be, it is clear that the plaintiff relied upon the bill which she received from the defendants' authorized agent. The mistake is mutual, and this case is therefore within the principles of the case of *Mayer* v. *The Mayor*, decided in this district, and to be found reported in 2 Hun, page 306. The proposition that the plaintiff, having received a paper designating her lot by its ward number as 4,509 from the Croton water department, was guilty of negligence in accepting a bill from a different department, cannot operate to her prejudice. She had a right to assume that her bill was, in all respects, correctly prepared, under the circumstances, and that the only duty left undischarged was the payment of the sum set down as the tax imposed. The figures representing that, were the only ones, doubtless, to which her attention was directed. This would be the natural impulse and the natural order of procedure. It has been determined, however, by the court of last resort, that it does not affect the right of the payer to recover in cases of mutual mistake, that the mistake arose from a want of care on his part. (*Kingston Bank* v. *Eltinge*, 40 N. Y., 391.) The party having the legal right must prevail. It is unnecessary to pursue this subject farther, however, The case of

*Mayer* v. *The Mayor* (*supra*), is conclusive of the right of the plaintiff to recover.

There must be a new trial ordered, with costs to abide, event.

Davis, P. J., and Daniels, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event.